Mr. Justice MacArthur
delivered the opinion of the court:
This is a bill in equity, praying that the defendant Lanahan be decreed to bring certain notes into court, and the transfer of the same to him be declared null and void, and that the property mortgaged to secure the payment of said notes may be sold, and the proceeds derived therefrom be applied to the satisfaction of the notes by the order of the court.-
The notes and deeds of trust in question were held by the Freedman’s Savings and Trust Company for moneys advanced by the company to Juan Boyle and several members of his family. At a later date the record shows that Boyle procured Lanahan to loan the trust company $10,000, for which he took their note, and to secure the payment of the note they transferred to him about forty certificates issued by the board of public works of this District, commonly called eight per cent, improvement bonds, of the par value of $20,000. This transaction occurred in the month of November, 1873, during the financial crisis, and when the corporation were greatly embarrassed for means with which to meet the demands of the depositors of the institution, and the money was received and used for that purpose.
About the 1st of May, 1874, the notes above mentioned, of Juan Boyle, were transferred to Mr. Lanahan in payment of the $10,000 note he held against the company, and the eight per cent, bonds he held as collateral security were also surrendered to the company. The actuary testified that he transferred these notes to Lanahan in payment of what the institution owed him, and for the return of the securities. The complainants now say that the notes of Boyle and the trust-deeds to secure their payment were unlawfully taken from the company and transferred to Lanahan, for the reason that the actuary had no authority to transfer the papers in question, and they ask that they be returned to the assets of the bank.
Neither the trust company nor the complainants have ever offered to rescind the agreement by which these notes were handed over to Lanahan in payment of his note, nor’ have *488 they ever offered to return the bonds which he surrendered in pursuance of that agreement; but they have substantially confirmed that contract, by retaining the note and the bonds, as well as the $10,000 in money which was actually loaned them, and which was used by them in paying off the claims of their depositors. We think the company is precluded from the relief which they ask. This is a bill in equity; and before the court can compel the return of these securities to the complainants, there must be an offer to return the money actually advanced by Lanahan, or the securities which he had surrendered, or it must be clear that there were collusion and combination between Boyle and Lanahan to defraud the institution. Lanahan advanced the money to the company, and in equity he is entitled to have it back, or hold his securities until the money is refunded. The exact question of power on the part of the - actuary, without a previous resolution of the board of trustees, is not necessarily involved in the case. The complainants have appealed to the equity powers; and the rule of the court is that equity shall be mutual. When, the complainants allege that the actuary transcended his authority, because there was no vote of the board, yet it is evident that the loan was for the sole use and benefit of the corporation, and was obtained by its agents for the purpose of meeting the pressing demands of the depositors — a purpose clearly authorized by the charter — and whether the corporation can be bound by the act of its agents, ing profited by them, and used the means thus obtained, or whether it is precluded from denying those acts after havare not questions which need to be considered largely, for they show at least an equity in the defendant which the court can neither overlook nor deny. If the complainants have a right in equity, it is because that is the forum which alone can mete out the rights between the parties. It would not be right to say that one party can get possession of the money of another and reader no account therefor. The party seeking equity must always offer to do equity, or they must rest upon their legal rights. We think the bill in this case ought to be dismissed